UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **ARTURO ALEMAN, JR.,** § | |
| **TDCJ No. 02156335,** § | |
| § | |
| **Petitioner,** § | |
| § | |
| v. § | **CIVIL NO. SA-24-CA-0819-XR** |
| § | |
| **ERIC GUERRERO,[1] Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| **Respondent.** § | |

## DISMISSAL ORDER

Before the Court are *pro se* Petitioner Arturo Aleman, Jr.'s petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent Eric Guerrero's Answer (ECF No. 14), and Petitioner's Reply (ECF No. 16) thereto. In his § 2254 petition, Petitioner seeks credit for over two and a half years of jail time he allegedly served prior to the revocation of his community supervision in June 2017. In his answer, Respondent argues that Petitioner's claims are successive because they should have been raised in Petitioner's previous federal petition for writ of habeas corpus challenging the constitutionality of the June 2017 revocation. *See Aleman, Jr. v. Lumpkin*, No. 5:21-cv-0911-FB (W.D. Tex.).

For the reasons set forth below, Petitioner's federal habeas corpus petition is indeed successive and is dismissed under 28 U.S.C. § 2244(b)(3) of the Antiterrorism and Effective Death

---

[1] The previous named Respondent in this action was Bobby Lumpkin. In December 2024, Eric Guerrero succeeded Lumpkin as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Guerrero is automatically substituted as a party.

Penalty Act of 1996 (AEDPA) because Petitioner has not obtained prior approval to file a successive habeas corpus application. Petitioner is also denied a certificate of appealability.

## I. Background

In January 2011, Petitioner plead guilty to driving while intoxicated (DWI) and was placed on community supervision for a period of ten years. *State v. Aleman, Jr.*, No. CR2008-349 (207th Dist. Ct., Comal Cnty., Tex. Jan. 10, 2011); (ECF No. 15-1 at 84-86). No appeal was taken at that time, as Petitioner waived his right to appeal as part of the plea bargain agreement. (*Id*. at 75-76).

Thereafter, the state filed a motion to proceed with an adjudication of guilt after Petitioner failed to comply with several conditions of his community supervision.[2] (*Id*. at 94-99). Petitioner pled true to the alleged violations, and on June 20, 2017, the trial court found Petitioner guilty of the underlying DWI offense (habitual), revoked his community supervision, and sentenced him to ten years of imprisonment. (ECF No. 15-2 at 32-33).

Although Petitioner retained the right to appeal the revocation, he did not file a notice of appeal until October 3, 2019. Because the request was filed over two years too late, the court of appeals dismissed the appeal for want of jurisdiction. *Aleman, Jr. v. State*, No. 03-19-00698-CR, 2019 WL 5152214 (Tex. App.—Austin, Oct. 15, 2019, no pet.); (ECF No. 15-5). Petitioner did not appeal this dismissal to the Texas Court of Criminal Appeals. Instead, Petitioner waited until May 3, 2021, to file a state habeas corpus application challenging the revocation of his community supervision. *Ex parte Aleman, Jr.*, No. 22,503-02 (Tex. Crim. App.); (ECF No. 15-10 at 38). The Texas Court of Criminal Appeals denied this application without written order on August 18, 2021.

---

[2]  Specifically, Petitioner failed to comply with the following conditions: (1) commit no offense against state or federal law, (2) pay court costs, (3) pay the fine, restitution, and attorney's fees, (4) pay a monthly supervision fee, (5) perform 300 hours of community service, and (6) complete a DWI intervention program.

(ECF No. 15-14).  A month later, Petitioner filed a federal habeas corpus petition challenging the 2017 revocation of his community supervision, but the petition was eventually dismissed by the district court as untimely on March 21, 2022.  *See Aleman, Jr. v. Lumpkin*, No. 5:21-cv-0911-FB, 2022 WL 847310 (W.D. Tex.).

On April 2, 2023, Petitioner returned to state court and filed a second state habeas corpus application, this time challenging the calculation of his sentence following the revocation of his community supervision in June 2017.  *Ex parte Aleman, Jr.*, No. 22,503-03 (Tex. Crim. App.); (ECF No. 15-16 at 15-52).  Because Petitioner did not set forth grounds for relief or facts on the prescribed form, however, the Texas Court of Criminal Appeals dismissed the application without written order on June 12, 2024, for noncompliance with Rule 73.1 of the Texas Rules of Appellate Procedure.  (ECF No. 15-17).  Petitioner did not attempt to correct this error.

Instead, Petitioner placed the instant federal habeas petition, his second, in the prison mail system on July 12, 2024.  (ECF No. 1 at 15).  Like his second state habeas application, Petitioner seeks to challenge the constitutionality of his sentence in his second § 2254 petition, arguing that the trial court failed to credit him with over two and a half years of time he served in county jail prior to the revocation of his community supervision in June 2017.

## II.  Analysis

Before a second or successive application for writ of habeas corpus may be filed in the district court, 28 U.S.C. § 2244(b)(3) provides an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  Because the statute does not define what constitutes a "second or successive" motion, however, the phrase takes meaning from case law, some of which predates the enactment of the AEDPA.  *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007); *Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (suggesting

that the definition of "second or successive" would be the same under the AEDPA as under pre-AEDPA law).

Under this case law, a petition that is literally second or successive in time is not necessarily "second or successive" for purposes of the AEDPA. *See Panetti*, 551 U.S. at 943-44 (declining "to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged in a prior § 2254 application."); *Stewart v. Martinez–Villareal*, 523 U.S. 637, 643-46 (1998). Rather, a numerically second petition or motion is "second or successive" only if it (1) raises a claim challenging the conviction or sentence "that was or could have been raised" in a prior action or (2) otherwise constitutes an abuse of the collateral challenge. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (per curiam)).

In this case, Petitioner argues that he is not challenging his underlying conviction or sentence, but rather is trying to correct the state court's judgment via a *nunc pro tunc* order to retrieve over two and a half years of uncredited jail time. (ECF No. 1 at 5, 22-26). Petitioner's argument is a distinction without a difference—he may not seek to invalidate his conviction, but he is still challenging the state court's judgment with an argument that could have been raised in his prior federal proceedings. Indeed, as pointed out by Respondent, the judgment in question (ECF No. 15-2 at 32-33) explicitly listed prior incarceration dates for which Petitioner would receive credit, but did not include the dates Petitioner now claims he is entitled to. Because Petitioner did not challenge the trial court's failure to credit jail time in his September 2021 federal petition despite the availability of such a claim, Petitioner's subsequent federal petition (ECF No. 1) is successive. *See Crone v. Cockrell*, 324 F.3d 833, 838 (5th Cir. 2003) (finding Crone's

subsequent federal petition to be successive because "Crone knew of all of the facts necessary to raise his jail time credit claim before he filed his initial federal petition.").

The arguments raised in Petitioner's reply are similarly unavailing. There, Petitioner contends that he could not have previously challenged the trial court's failure to credit his jail time because he was not aware of the deficiency until he was incarcerated in TDCJ and requested a time calculation. (ECF No. 16 at 3). Such an argument is nonsensical, as Petitioner filed his first federal petition in September 2021, well after his incarceration in TDCJ following the revocation of his community supervision in June 2017. Nevertheless, simply because Petitioner was unaware of his record-based claim does not mean that he was deprived of an opportunity to raise it. *See In re Halprin*, 788 F. App'x 941, 943 (5th Cir. 2019) (unpublished) (finding claim was ripe even if certain facts were unknown to Halprin at the time). Petitioner had a full and fair opportunity to contest the validity of the state court's judgment—including the time he was credited for while in county jail—during his first federal habeas corpus proceeding before this Court. Because he failed to do so, Petitioner must now seek preauthorization to file the instant § 2254 petition before the Court can consider the merits of his new allegations.

Petitioner has not sought preauthorization with the Fifth Circuit Court of Appeals to file a successive petition, nor has he established that any of the exceptions listed in § 2244(b) apply. *See* § 2244(b)(2)(A) (exception for claims concerning constitutional rights recognized by the Supreme Court within the last year and made retroactive to cases on collateral review); § 2244(b)(2)(B)(i) (exception for claims where the factual predicate could not have been discovered previously with due diligence). Consequently, his successive application for writ of habeas corpus will be dismissed. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007) (holding the district court lacked jurisdiction to consider a successive § 2254 petition since petitioner did not obtain authorization

from the court of appeals); *In re Campbell*, 750 F.3d 523, 529 (5th Cir. 2014) (petitioner must receive authorization before filing successive habeas petition).[3]

### III. Conclusion

After careful consideration, the Court concludes that Petitioner's successive application for writ of habeas corpus should be dismissed pursuant to 28 U.S.C. § 2244(b)(3) because Petitioner has not obtained prior approval to file a successive habeas corpus application.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner Arturo Aleman, Jr.'s petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction;

2. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, this Court **DENIES** Petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

---

[3] It is also worth noting that Petitioner's § 2254 petition is essentially a request for mandamus relief because it asks this Court to direct the state court to retroactively correct its previous judgment by including additional jail time credit. But federal district courts generally lack the power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties. *See generally Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275 (5th Cir. 1973); *Noble v. Cain*, 123 F. App'x 151 (5th Cir. 2005) (unpublished) (citing *Moye* to hold federal mandamus relief is not available to direct state officials in the performance of their duties). As such, even if the Court had jurisdiction to consider Petitioner's successive § 2254 petition, it is without jurisdiction to grant Petitioner's mandamus request. *Moye*, 474 F.2d at 1275-76; *Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties).

It is so **ORDERED**.

**SIGNED** this 27th day of February, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE